**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Yee, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>National Gypsum Company; and Lowe's HIW, Inc.,<br><br>    Defendants. | No. CV-09-8189-PHX-DGC<br><br>**ORDER** |

This proposed class action arises out of the manufacture and sale of allegedly defective drywall. Plaintiff Raymond Yee, a resident of Yucca, Arizona, alleges that he installed in his house defective drywall manufactured by National Gypsum Company ("National Gypsum") and sold by Lowe's HIW, Inc. ("Lowe's"). His amended complaint asserts four claims: negligence, breach of implied warranties, strict product liability, and unjust enrichment. Dkt. #42.

Defendants have filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. ##45, 46. The motions are fully briefed. Dkt. ##49, 53, 54. Oral argument has not been requested. For reasons stated below, the Court will grant the motions in part and deny them in part.

**I.    Rule 12(b)(6) Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the factual allegations "'are taken as true and construed in the light most favorable to the

nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## II. Causation.

The amended complaint must be dismissed under Rule 12(b)(6), Defendants contend, because it fails to adequately plead causation under *Twombly* and *Iqbal*. Dkt. ##45 at 9-11, 46 at 1-2. The Court does not agree.

The opening paragraph of the complaint alleges that there is a significant problem in the United States with American-manufactured drywall, that the defective drywall contains high levels of sulfur and emits a noxious odor, and that chemical compounds in the drywall cause, among other things, nose bleeds, respiratory and sinus problems, and damage to a house's structure and mechanical systems. Dkt. #42 ¶ 1; *see also id.* ¶¶ 9, 12, 13. The complaint goes on to allege that Plaintiff, in early 2008, renovated his house using defective drywall manufactured by National Gypsum and purchased from Lowe's. *Id.* ¶ 4. Plaintiff thereafter began experiencing bloody noses and respiratory and sinus problems (*id.* ¶ 11), and had lighting and computer failure in rooms containing the defective drywall (*id.* ¶ 12). Allegations of causation abound: repairing the damage "caused by Defendants' conduct" will cost homeowners millions of dollars (*id.* ¶ 14); Defendants knew or should have known that their product would "cause both economic and physical damage" (*id.* ¶ 26); Defendants' drywall was the "proximate cause" of damage brought upon members of the class (*id.* ¶ 28); members of the class continue to suffer damages "[d]ue to Defendants' negligence" (*id.* ¶ 29); Defendants' drywall is defective because it "causes physical damage and injury to Plaintiff" (*id.* ¶ 39); the drywall is the "direct and proximate cause of injuries sustained by Plaintiff" (*id.* ¶ 40); Plaintiff will incur substantial repair and replacement costs "[a]s a result of Defendants' conduct" (*id.* ¶ 41); Plaintiff has sustained substantial damages "[a]s a direct

and proximate result of Defendants' conduct complained of herein" (*id.* ¶ 46).

A complaint "need not contain detailed factual allegations" to avoid dismissal under Rule 12(b)(6). *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). Instead, it must "only satisfy the Rule 8(a) notice pleading standard" by alleging facts sufficient to state a plausible claim to relief and give the defendant "fair notice" of the claim. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103-04 (9th Cir. 2008); *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Plaintiff's complaint provides more than "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. The factual allegations, when accepted as true and construed in Plaintiff's favor, *see Cousins*, 568 F.3d at 1067, allow the reasonable inference that Defendants' defective drywall caused Plaintiff harm. The complaint adequately pleads causation under *Twombly* and *Iqbal*.[1]

## III. Breach of Implied Warranties.

Plaintiffs assert a claim for breach of implied warranties in count two of the complaint. Dkt. #42 ¶¶ 31-35. He alleges that when Defendants manufactured and sold the drywall they "implicitly warranted that the product was safe, efficacious, well tested and of high quality." *Id.* ¶ 32. Defendants allegedly breached those warranties by manufacturing and selling a "defective, unsafe, and poorly manufactured drywall product[.]" *Id.* ¶ 33.

National Gypsum seeks dismissal of count two on the ground that no privity exists between Plaintiff and National Gypsum. Dkt. #45 at 11. "Under Arizona law, privity of contract is required to maintain a breach of an implied warranty." *Chaurasia v. GM Corp.*, 126 P.3d 165, 171 (Ariz. Ct. App. 2006) (citing *Flory v. Silvercrest Indus., Inc.*, 633 P.2d 383, 388-90 (Ariz. 1981)). Plaintiff, therefore, must show that privity exists between him and National Gypsum, the manufacturer. He cannot do so because he bought the drywall not from National Gypsum, but from Lowe's. *See id.* The Court will dismiss count two to the

---

[1] The Court declines Defendants' invitation to take judicial notice of government reports regarding allegedly defective drywall in the United States. Dkt. #45 at 3-5 & n.1; *see* Dkt. ##45-1, 45-2, 45-3. Consideration of such evidence is more appropriate at the summary judgment stage. *See* Fed. R. Civ. P. 12(d). The Court notes that in deciding the motions to dismiss, it has not relied on the reports referenced in the complaint. *See* Dkt. #42 ¶¶ 10, 15.

1 | extent it is asserted against National Gypsum. *See Haugland v. Winnebago Indus.*, 327 F. Supp. 2d 1092, 1097 (D. Ariz. 2004) (dismissing implied warranty of merchantability claim for lack of privity of contract).[2]

Plaintiff's reliance on *Richards v. Powercraft Homes, Inc.*, 678 P.2d 427 (Ariz. 1984), is misplaced. That case involved the implied warranty of workmanship and habitability arising from the construction and sale of a home. *Richards* distinguished between that type of warranty, which promises that construction has been done in a workmanlike manner and the structure is habitable, *see id.* at 429, and the warranty of merchantability implied with the sale of goods, which promises that the good sold will be of the general kind described and reasonably fit for its general purpose, *see Davidson v. Wee*, 379 P.2d 744, 747 (Ariz. 1963). Relying on public policy considerations – that homes frequently are built on a large scale, that builders hold themselves out as skilled craftsmen, that modern construction is complex and regulated, and that homebuyers generally are not knowledgeable in the construction trade – *Richards* eliminated the privity requirement for the implied warranty of workmanship and habitability in connection with the sale of a newly built home. 678 P.2d at 430.

The Court recognizes that some of the policy reasons for the elimination of the privity requirement in *Richards* could apply to the purchase of drywall by homeowners. The Arizona Supreme Court has made clear, however, that "to allow a nonprivity warranty action to vindicate every disappointed consumer would unduly complicate the [UCC's] scheme, which recognizes the consensual elements of commerce." *Flory*, 633 P.2d at 389. The Court will "leave any further expansion of *Richards* to the Arizona Supreme Court." *Chaurasia*, 126 P.3d at 172; *see also Lofts at Fillmore Condo. Ass'n v. Reliance Commercial Constr., Inc.*, 190 P.3d 733, 736 & n.3 (Ariz. 2008) (holding that *Richards*' abrogation of the privity requirement applied even where the homebuilder is not also the seller, but declining to decide whether it applied to commercial construction).

Lowe's argues that count two is barred under A.R.S. § 47-2607. Dkt. #46 at 3-4.

---

[2] Lowe's, the seller of the drywall, does not seek dismissal of count two on the theory of lack of privity. Dkt. #46 at 2 n.2.

1 That statute provides that where goods have been accepted, "[t]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of [the] breach or be barred from any remedy[.]" A.R.S. § 47-2607(C)(1). The purpose of the notice requirement, like a statute of limitations, is to "protect the seller against belated claims for damages under circumstances whereby the seller may be prevented from making proper investigation and to afford him an adequate opportunity to govern his conduct accordingly." *Davidson*, 379 P.2d at 749. The notice "need take no special form," and the complaint itself may provide adequate notice. *Id.*

Plaintiff purchased the drywall in May 2008, but did not file suit until October 2009. Lowe's contends that this 17-month delay is unreasonable as a matter of law. Dkt. #46 at 4. Plaintiff asserts that he retained counsel and filed suit within a reasonable time after discovering that the drywall was defective. Dkt. #49 at 14.

"Whether notice is reasonable is a matter to be resolved by the jury unless it appears that only one finding can legally be derived from the circumstances." *Davidson*, 379 P.2d at 749. The Court cannot, from the face of the complaint, conclude as a matter of law that Plaintiff failed to provide Lowe' with reasonable notice. This factual issue is better left for summary judgment or trial. The Court will deny Lowe's motion to dismiss with respect to count two. *See id.*; *cf. Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (the statute of limitations defense may be raised by a motion to dismiss only where "the running of the statute is apparent on the face of the complaint").

Lowe's relies on *Burge v. Freelife International, Inc.*, No. CV 09-1159-PHX-JAT, 2009 WL 3872343 (D. Ariz. Nov. 18, 2009), in support of its argument under A.R.S. § 47-2607. Dkt. #46 at 4. *Burge* dismissed breach of warranty claims because the plaintiffs' own allegations showed that they had discovered the breach many months before providing notice to the defendant. 2009 WL 3872343, at *6-7. Plaintiff's complaint does not reveal when he first discovered the alleged defects in the drywall, *see* Dkt. #42, and therefore does not enable the Court to make the determination made in *Burge*. *See also Pace v. Sagebrush Sales Co.*, 560 P.2d 789, 792 (resolving notice issue on summary judgment).

## IV. Unjust Enrichment.

"Unjust enrichment occurs when one party has and retains money or benefits that in justice and equity belong to another." *Trustmark Ins. Co. v. Bank One, Ariz., NA*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002). A plaintiff establishes unjust enrichment by showing that he conferred a benefit upon the defendant, that the benefit was at his expense, and that it would be unjust to allow the defendant to keep the benefit. *See USLife Title Co. of Ariz. v. Gutkin*, 732 P.2d 579, 534 (Ariz. Ct. App. 1986). The remedy for unjust enrichment is restitution. *See Pyeatte v. Pyeatte*, 661 P.2d 196, 202 (Ariz. Ct. App. 1983).

The unjust enrichment claim asserted in count four must be dismissed, Defendants argue, because it improperly seeks an award of compensatory damages instead of restitution. Dkt. ##45 at 13, 46 at 1-2. Defendants are correct.

"Restitutionary recoveries are not designed to be compensatory; their justification lies in the avoidance of unjust enrichment on the part of the defendant." *Renner v. Kehl*, 722 P.2d 262, 266 (Ariz. 1986). Plaintiff seeks an award of "substantial damages" on his unjust enrichment claim, including costs associated with removal and replacement of drywall and damaged mechanical and structural systems, costs for alternative housing, and compensation for the loss of use and enjoyment of his house and its reduced value. Dkt. #42 ¶ 46. Nowhere in the complaint does Plaintiff seek restitution – a return of the alleged benefit conferred on Defendants. Plaintiff has not properly pled an unjust enrichment claim.

National Gypsum further argues that count four must be dismissed because Plaintiff conferred no benefit on National Gypsum that could be returned to him. Dkt. #45 at 12. Plaintiff asserts in his response that he "necessarily paid a purchase price, part of which necessarily went to National Gypsum." Dkt. #49 at 14. But this assertion is irrelevant for purposes of Rule 12(b)(6). In deciding the motions to dismiss, the Court "*may not* look beyond the complaint to [Plaintiff's response]." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original); *see Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005) (the court "cannot assume any facts necessary to the [plaintiffs'] claim that they have not alleged").

Plaintiff purchased the drywall from Lowe's. Dkt. #42 ¶ 4. The complaint alleges that National Gypsum manufactured the drywall (*see id.*), but contains no allegation that Plaintiff conferred a benefit on National Gypsum. This omission requires dismissal of count four as against National Gypsum. *See Laborers' & Operating Eng'rs Util. Agreement Health & Welfare Trust Fund v. Philip Morris, Inc.*, 42 F. Supp. 2d 943, 951 (D. Ariz. 1999).

Plaintiff's reliance on *Paikai v. GM Corp.*, No. CIV. S-07-892 FCD GGH, 2009 WL 275761 (E.D. Cal. Feb. 5, 2009), is misplaced. The plaintiff in that case "clearly allege[d]" the conferral of a benefit. 2009 WL 275761, at *5 & n.6.

**IT IS ORDERED:**

1. Defendants' motions to dismiss (Dkt. #45, 46) are **granted in part** and **denied in part**. The motions are denied with respect to the negligence claim (count one) and the strict product liability claim (count three). The breach of implied warranties claim (count two) is **dismissed** as against Defendant National Gypsum Company. The unjust enrichment claim (count four) is **dismissed** in its entirety.

2. The Court will set a case management conference by separate order.

DATED this 22nd day of June, 2010.

_____
David G. Campbell
United States District Judge